Compiler

**IN THE SUPERIOR COURT**
**OF GUAM**

SUPERIOR COURT
OF GUAM

2012 SEP 27 PM 4: 16

THE PEOPLE OF GUAM,                    )          CRIMINAL CASE No. CM 0537-11
                                       )
                                       )
          v.                           )
                                       )          **DECISION AND ORDER**
                                       )          On Defendant's
DAVID TORRES,                          )          Motion to Dismiss
                                       )
              Defendant.               )
                                       )
_____)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on August 14, 2012 on Defendant's Motion for Dismiss for De Minimis Infraction / Inappropriate Prosecution. The People of Guam were represented by Assistant Attorney General Christina Lum. The Defendant was represented by Assistant Alternate Public Defender Eric Overton. Having reviewed the memorandum and papers presented, the court now issues the following decision denying the Defendant's Motion to Dismiss.

## FACTUAL HISTORY

The Defendant has been charged with two counts each of misdemeanor *Assault* and *Family Violence* for actions arising out of an alleged altercation between the Defendant, his minor son, and the Defendant's girlfriend. As with all crimes, the Defendant was charged based upon facts presented in a police reported submitted to the Attorney General's Office following the Defendant's arrest. Since the initial arrest, the Defendant's son has recanted some of the details recorded by the arresting officer. Based upon this recantation, the Alternate Public Defender filed a Motion to Dismiss arguing that the charges against the Defendant should be

dropped because the Defendant's conduct falls within the circumstances allowing for dismissal under Guam's *de minimis* prosecution statute. The People timely filed an opposition to the motion. For the following reasons, the Court holds that the charges against the Defendant do not meet the standard for dismissal pursuant to the *de minimis* statute.

## DISCUSSION

Guam's *de minimis* prosecution statute authorizes the court to dismiss charges against a Defendant where necessary to "prevent absurd applications." 9 G.C.A. §7.67 (2012). The statute lists three circumstances where the court shall dismiss a prosecution. In his motion, the Defendant argues that two of the three circumstances apply to his case. Specifically, the Defendant argues that his conduct: "(a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense" or that his conduct "(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction." *Id.* The Defendant implies that he was disciplining his son and further states that both exceptions apply to him because his actions were committed "to protect the interest of his son, not hurt him."

The Guam Supreme Court has made clear that a dismissal on *de minimis* grounds requires that the trial court "make factual determinations with respect to the conduct charged." *People v. Perez*, 2004 Guam 4 (citing *See State v. Carmichael*, 53 P.3d 214, 218 (Haw.2002)). This requires analysis of "objective factors directly related to the defendant's conduct and, in particular, the consequences for the societal interests involved." *Id.* (citing *State v. Zarrilli*, 523 A.2d 284 (N.J.Super. Ct. Law Div.1987), *aff'd*, 532 A.2d 1131 (N.J.Super.Ct.App.Div.1987). The Court explains that "the protection to which society is entitled is provided by a dismissal

*only* when the offense is truly 'trivial.'" Therefore, with the best interests of the public in mind, assessing a *de minimis* motion requires the court to answer this single question: "What is the risk of harm to which society is exposed by defendant's conduct?" *Id.*

In a motion to dismiss on *de minimis* grounds the court assumes that the factual allegations against the Defendant are true. This is required by law because ""[t]he motion does not provide a setting for a determination of guilt or innocence." *Id.* Assuming that the Defendant did in fact cause bodily injury to his son and his girlfriend, his conduct meets the legal definitions of both *Assault* and *Family Violence*. The risk of harm to society that arises from acts of *Assault* and *Family Violence* are significant and cannot be viewed as trivial absent evidence that the charges are excessive or unwarranted. The Defendant's argument that he is innocent does not constitute such proof.

The facts of the current case are easily distinguishable from the facts in *Perez*. Perez was charged with *Improper Influence over a Notary* and *Official Misconduct*. In that case, the trial court's *de minimis* dismissal of the charges was upheld by the Supreme Court not because it was alleged that Perez did not commit the crimes in question, but because it was determined that Perez's actions could not have caused "the harm or evil which the statute protects." *Id.* Critically, even under the assumption that Perez did commit the crimes at issue, the Court found that it was the actions of a second defendant that defrauded the public. Here, the Defendant is alleged to have caused direct bodily injury to his son and girlfriend. Viewing these factual allegations as true, charges of *Assault* and *Family Violence* are appropriate as both statutes were enacted to protect victims from these crimes. The fact that the victim may have recanted a portion of his story does not make the charges against the Defendant inaccurate nor does it render them trivial.

## CONCLUSION

Based on the foregoing, the court finds that the Defendant's alleged actions do not meet the standard for dismissal pursuant to Guam's *de minimis* prosecution statute. Accordingly, the court DENIES the Defendant's Motion to Dismiss for De Minimis Infraction / Inappropriate Prosecution. Trial setting is hereby set for ___Oct. 07___, 2012 at 9:00am.

SO ORDERED, this _27_ day of September 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam